UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CV-0551-CVE-JFJ |
| ) | |
| KENNETH W. HAGIN and RHEMA ) | |
| BIBLE TRAINING COLLEGE, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's complaint (Dkt. # 1). On December 20, 2021, plaintiff filed this case alleging that he attended Rhema Bible Training College (Rhema) in 2013, and Rhema falsely told other students and staff that plaintiff had "contagious demons." Dkt. # 1, at 1. Plaintiff claims that students who heard the accusations sought to harm him and he was "literally chased out of town." Id. at 1-2. Plaintiff appears to be alleging claims negligence and defamation against defendants Rhema and Kenneth W. Hagin, an employee of Rhema, and he is seeking over $15 million in damages. Id. at 2. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors

Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

      Plaintiff states that the Court has diversity jurisdiction over this case, because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff states that he is a citizen of Michigan and that each of the defendants is a citizen of Oklahoma, and he is seeking damages in excess of $75,000. Plaintiff's claims of negligence and defamation arise under state law, and he alleges that the acts forming the basis for his claims occurred in 2013. In Oklahoma, the statute of limitations for negligence is two years and the statute of limitations for defamation is one year. OKLA. STAT. tit. 12, § 95. Plaintiff has not alleged that any act supporting his claims occurred within the applicable statutes of limitations for negligence or defamation, and he has not stated viable claims under Oklahoma law against either defendant. The Court will also consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff's allegations do not suggest that he intends to assert a claim arising under federal law against defendants, and the Court does not find that plaintiff has stated a federal claim against defendants. The Court find no basis to exercise jurisdiction over this case under 28 U.S.C. §§ 1331 or 1332, and this case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's claims are **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 16th day of March, 2022.

*(signature)*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE